Amy LECHTER–SIEGEL, Petitioner,

v.

DISTRICT UNEMPLOYMENT COMPENSATION BOARD, Respondent.

No. 12869.

District of Columbia Court of Appeals.

Argued June 28, 1978.

Decided Nov. 20, 1978.

R. Nathaniel Rackett, III, law student counsel (LS # 1933), with whom John P. Sizemore, Washington, D. C., supervising attorney, was on the brief, for petitioner.

D. Kevin Dugan, with whom Russell L. Carter and Bill L. Smith, Washington, D. C., were on the brief, for respondent.

Before KELLY, NEBEKER and HARRIS, Associate Judges.

NEBEKER, Associate Judge:

This is a petition for review of the denial of unemployment benefits based on petitioner's inability to comply with the reporting requirements of the District Unemployment Compensation Act, D.C.Code 1973, § 46–309(d). Petitioner, otherwise eligible for benefits, was unable to fulfill the re-

porting requirements because she had moved to Belgium. Although D.C.Code 1973, § 46–316(g), authorizes the Board to enter into reciprocal agreements with foreign countries, there is no such arrangement with Belgium. Accordingly, the Board ruled petitioner ineligible for benefits. Petitioner argues that respondent abused its discretion by (1) not entering into a reciprocal reporting agreement with Belgium, and (2) not excusing her failure to report for "good cause," see D.C.Code 1973, § 46–309(d), or (3) not permitting an alternative reporting procedure. We find, consistent with petitioner's second argument, that the respondent failed to consider whether petitioner had shown "good cause" to excuse her failure to report, and thus, remand for findings on that issue.

Petitioner was employed as a librarian in the District of Columbia from March 1976 to March 1977. She resigned in order to join her husband, a medical student, in Belgium. She filed a claim for unemployment benefits before leaving this country. Although the claims deputy found inferentially petitioner had "good cause" for leaving her employment, see D.C.Code 1973, § 46–310(a), she was adjudged to be ineligible for benefits because of her inability to report to establish her availability for work.

At an appeals hearing held after her departure, a representative for petitioner submitted documents detailing her attempts to obtain employment in Belgium. In addition, her representative proposed alternative reporting procedures, including utilizing either the mails, the American embassy, or a Belgian government office. The appeals examiner found petitioner ineligible due to the absence of an agreement with Belgium. The examiner ruled that it was the intent of the agreement procedure authorized by § 46–316(g), supra, to establish a method by which the liable state or country is able to exercise control over the claims filed in its jurisdiction. Absent such agreement, it was found that the District would have no control over petitioner's claim for benefits. The Board adopted the

decision of the appeals examiner, and this petition for review followed.

## I

■ Petitioner's first contention is that she is entitled to benefits because the Board has failed to enter [1] into a reciprocal arrangement with Belgium. Pretermitting the reciprocal nature of any proposed agreement with a foreign power, a matter over which this country has only political influence, we observe that under section 10 of the first article of the United States Constitution: "No state shall, *without the consent of Congress* . . . enter into any Agreement or Compact . . . with a foreign power . . . ." (Emphasis added.) D.C.Code 1973, § 46–316(g) appears to be the equivalent of "state" authority for the District to enter into such an agreement or compact. It provides:

> To the extent permissible under the laws and Constitution of the United States, the Board is authorized to enter into or cooperate in arrangements whereby facilities and services provided under . . . the unemployment-compensation law of any foreign government may be utilized for the taking of claims and the payment of benefits under the employment-security law of the District or under a similar law of such government.

Thus, there is power in the Board to agree with a foreign power respecting unemployment compensation claims and benefits.

The Board argues that it no longer has this authority. It asserts that Reorganization Plan No. 3 of 1967 § 402(358) provided that the City Council, not the Board, had the authority to make reciprocal agreements. However, the 1967 Plan was superseded by the amendment to D.C.Code 1973, § 46–416, enacted by Congress in 1971, which returned this authority to the Board.

Notwithstanding, we must conclude that although the Board is charged with the power to seek agreement and possibly agree with a foreign power respecting such com-

1. D.C.Code 1973, § 1–1510(3)(A).

pensation benefits, we are not empowered to compel such a result.[2]

## II

 Petitioner also argues that she made a showing of "good cause" for her failure to report, upon which the Board should have excused her noncompliance with the requirement, pursuant to D.C.Code 1973, § 46–309(d). Although "good cause" for the failure to report has not been defined, see Kober v. District Unemployment Compensation Board, D.C.App., 384 A.2d 633 (1978), petitioner suggests that it should be defined as "what the reasonable and prudent individual in the labor market would do under like circumstances," as the phrase has been defined in another context, see 18 DCRR § 301.1(a). Petitioner argues that her actions in actually reporting her work search were beyond that demanded of the "reasonable and prudent individual."

In response, the Board urges that § 46–309(d) "applies only to persons physically within the jurisdiction" because "[i]f the Board already had the authority under [§ 46–309(d)] to allow claims for persons out of the jurisdiction, then [§ 46–316] would not be necessary." The Board further argues, "Such an interpretation would not only [debilitate § 46–309(d)], but would also nullify other sections of the Act, such as [§ 46–309(a)]." Respondent's Brief at 7. Therefore, the Board contends, it was not necessary to rule on the issue of whether "good cause" was shown.

We hold that the Board's interpretation of the law is erroneous and that § 46–309(d) is applicable to persons regardless of their geographical location. A cursory examination of the relevant sections reveals that our interpretation will neither "debilitate" nor "nullify." For example, whereas § 46–316(g) allows agreements to utilize foreign "facilities and services . . . for the taking of claims and the payment of benefits under the employment-security law of the District," § 46–309(d) concerns only the

reporting and "availability for work" requirement. Therefore, we remand the case to the Board to rule on the issue and, in the event of an adverse ruling, to articulate its reasons, specifying the criteria it applies for determining the absence of "good cause" to waive the reporting requirement.

*So ordered.*

---

2. We note that the Board and Canada have entered into such an agreement. See 18 DCRR § 308.8. See also D.C.Code 1973, § 1–1502(b).